IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROYCE GILREATH,                )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. 05-2282-KHV
                               )
L-M FUNDING LLC, et al.        )
                               )
            Defendants.        )

### REPORT AND RECOMMENDATION

This matter comes before the court on the motion of the plaintiff, Royce Gilreath, for leave to amend his complaint to name Mark Corder, Jean Ann Uvodich, Merle Parks, Frank Jenkins, and Kelly Connor as defendants in this matter, and to add claims under 42 U.S.C. §§ 1985(2) & (3), 1981, and 1986 (**doc. 22**). Defendants Bank One, Joann Butaud, L-M Funding LLC, Roxanne and David Mitchell, and Dave Landis have filed responses (docs. 24, 25 & 29), to which plaintiff has replied (doc. 26).

The undersigned's ruling on plaintiff's motion to add these individuals and claims will ultimately be dispositive of such claims, in that the practical effect of denying plaintiff's motion will be denial of plaintiff's ability to assert various claims.[1] Therefore, in an abundance of caution, the undersigned treats this seemingly procedural, non-dispositive motion as dispositive, and sets forth the following proposed findings of fact and conclusions

---

[1] *See Bridges v. Metropolitan Life Ins. Co.*, No. 02-2402, 2003 WL 1905987, at *2 (D. Kan. Mar. 24, 2003).

of law, pursuant to 28 U.S.C. § 636(b)(1)(B), for consideration by the Hon. Kathryn H. Vratil, U.S. District Judge. As set forth more fully below, the undersigned recommends that plaintiff's motion to amend be denied by Judge Vratil.

This lawsuit arises from plaintiff's allegations that he was denied due process as a result of the outcome of a contract dispute, which was litigated in Kansas state court. Although not clearly stated in his complaint, plaintiff appears to have filed the instant lawsuit pursuant to 42 U.S.C. § 1983. As earlier indicted, the proposed amended complaint would add Mark Corder, Jean Ann Uvodich, Merle Parks, Frank Jenkins, and Kelly Connor as defendants, as well as add claims under 42 U.S.C. §§ 1985(2) & (3), 1981, and 1986. Defendants argue that plaintiff's proposed amendments are futile and untimely and would cause undue delay and undue prejudice to defendants.

Of course, plaintiff's motion to amend is governed by Fed. R. Civ. P. 15(a), which requires that leave to amend "be freely given when justice so requires." Whether leave should be granted is within the trial court's discretion.[2] The factors considered by the court in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment.[3] "A proposed amendment is futile

---

[2] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Castleglen*, 984 F.2d at 1585.

if the complaint, as amended, would be subject to dismissal."[4]  In order to determine whether the proposed amendment is futile, this court must analyze plaintiff's proposed amendments as if they were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

"The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, or when an issue of law is dispositive."[5]  For purposes of considering the motion to dismiss, "the court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff."[6]

In order to state a claim, the complaint must set forth facts in a manner that satisfies the minimal requirements of notice pleading.  Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief."  The court must liberally construe the pleadings of a *pro se* litigant.[7]  However, "pro se litigants must comply with the minimal standards of notice pleading required in Rule

---

[4]*Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[5] *Safetech Int'l., Inc. v. Air Products and Controls, Inc.*, No. 02-2216, 2004 WL 306693, at *2 (D. Kan. Jan. 26, 2004).

[6] *Id.*

[7] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997).

8(a)."[8]  "A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)."[9]  For the reasons set forth below, the undersigned concludes that plaintiff has not satisfied the requirements of Rule 8(a).

Plaintiff originally brought suit in Kansas state court regarding a real estate contract in which he was the buyer and defendant L-M Funding LLC was the seller.  The district court in that case granted L-M Funding LLC's motion for summary judgment.  Plaintiff appealed. The Kansas Court of Appeals concluded that the district court had erred in granting the motion for summary judgment and remanded the case for trial in the district court.  At trial, plaintiff, who appeared *pro se*, failed to present any evidence.  Therefore, the district court entered judgment in favor of L-M Funding LLC.  Plaintiff appealed that judgment and the Kansas Court of Appeals affirmed the district court's findings. Jean Ann Uvodich and Kelly Connor were counsel for plaintiff in his state court case until he decided to appear *pro se*. Mark Corder and Frank Jenkins represented various defendants in the state court case and Mr. Corder is counsel in the instant case for defendants Roxanne and David Mitchell, L-M Funding LLC, and Dave Landis.  Merle Parks is counsel in the instant case for Joann Butaud.

---

[8] *Betts v. Allied Cementing Co., Inc*., 1989 WL 118509, at *1 (D. Kan. 1989) (citing *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981)).

[9] *Id.*

Plaintiff now seeks to add the above-named individuals as defendants because he claims they, along with the district judge who presided over his case in state court, conspired to deny him due process because he believes that the Kansas Court of Appeals had already decided the issues which were the subject of the trial in the district court. Plaintiff misunderstands the decision of the Kansas Court of Appeals. That court simply found that there were issues of fact that could not be decided on summary judgment, i.e., on appeal it was held that a trial was necessary to resolve those factual issues. Significantly, the Court of Appeals did not decide those issues of fact. Simply put, neither the instant motion nor plaintiff's proposed amended complaint, even liberally construed, contain any allegations that remotely suggest that the trial and associated proceedings in the district court were the result of any kind of conspiracy which resulted in a violation of his due process rights.

Accordingly, the undersigned recommends that Judge Vratil deny the instant motion as it relates to the addition of Mark Corder, Jean Ann Uvodich, Merle Parks, Frank Jenkins, and Kelly Connor as defendants as futile. That is, plaintiff has failed to state any claim upon which relief can be granted against these individuals.

Plaintiff's proposed additional claims under 42 U.S.C. §§ 1985(2) & (3), 1981, and 1986 are apparently based on the same state court proceedings and relate to the same individuals discussed above. In his proposed amended complaint, plaintiff alleges that the actions taken by these individuals in the state court proceedings also amounted to discrimination on the basis of race. But plaintiff provides no support for this claim and does not indicate that this allegation is based on any evidence not available at the time he filed his

original complaint. For these reasons and those stated above, the undersigned recommends that Judge Vratil deny the instant motion as it relates to plaintiff's proposed claims under 42 U.S.C. §§ 1985(2) & (3), 1981, and 1986.

To recap, the undersigned recommends that plaintiff's motion to amend his complaint **(doc. 22)** be denied. The parties are hereby notified that, within ten days after they are served with a copy of this report and recommendation, they may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. The parties must file any objections within the ten-day period if they want to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated this 30th day of November, 2005, at Kansas City, Kansas.

>   s/ James P. O'Hara
>  James P. O'Hara
>  U.S. Magistrate Judge