IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROYCE GILREATH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2282-KHV |
| **L-M FUNDING, LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Royce Gilreath brings suit *pro se* against L-M Funding, LLC, Dave Landis, Roxanne Mitchell, David Mitchell, Margee Hamilton, Jimmy Hamilton, Evelyn Hamilton, Bank One, Sebring Capital Corp., Clifford Wiley and Joann Butaud, alleging breach of contract and denial of due process of finality of a judgment. This matter comes before the Court on plaintiff's Motion For Amended Petition (Doc. #22) filed October 5, 2005, the Report And Recommendation (Doc. #32) which Magistrate Judge James P O'Hara filed November 30, 2005, the Motion To Dismiss On Behalf Of Defendants, L-M Funding, LLC, Dave Mitchell And Roxanne Mitchell (Doc. #2) filed July 22, 2005, the Motion To Dismiss On Behalf Of Defendant Clifford Wiley (Doc. #8) filed July 28, 2005, Defendant Butaud's Motion To Dismiss (Doc. #9) filed July 29, 2005 and the Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction, Or In The Alternative By Reason Of Expiration Of The Statute Of Limitations And Res Judicata (Doc. #10) which Bank One filed July 29, 2005. For reasons set forth below, the Court adopts the magistrate's report and recommendation, overrules plaintiff's motion to amend, sustains Bank One's motion to dismiss and orders plaintiff to show cause why his claims against the other defendants

should not be dismissed.

**Factual Background**

Plaintiff's complaint alleges as follows:

Dave Landis manages L-M Funding, which employs both Roxanne Mitchell and David Mitchell.[1] On October 24, 1999, plaintiff contracted with L-M Funding through Dave Landis to purchase real estate in Johnson County, Kansas. On October 27, 1999, a property inspection revealed problems. Plaintiff contacted attorney Clifford Wiley, who then sent a letter to the sellers, the Hamiltons.[2] Wiley's letter stated that plaintiff was terminating the contract. See Memorandum Opinion dated December 7, 2001 in Gilreath v. L-M Funding, No. 86,054, at 4. Plaintiff also contacted attorney Joann Butaud, who sent an additional letter to the sellers. Butaud's letter demanded that the sellers refund plaintiff's earnest money by November 9, 1999. On October 30, 1999, the sellers contracted with other buyers.

*State Court Proceedings*

On November 18, 1999, plaintiff filed a petition and notice of *Lis Pendens* in Johnson County, Kansas, alleging that L-M Funding, Landis and Roxanne Mitchell had breached the contract and violated the Kansas Consumer Protection Act ("KCPA"). See Petition, Gilreath v. L-M Funding, LLC, Case No.

---

[1] The complaint does not set forth any additional information about L-M Funding or its business.

[2] Plaintiff has not attached a copy of the letters from Wiley and Butaud, but the Court can consider them on a motion to dismiss. See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (if document is referred to but not attached to complaint and is central to plaintiff's claim, defendant may submit indisputably authentic copy to be considered on motion to dismiss). Plaintiff does not dispute the authenticity of the copies which defendant provided or the accuracy of the language cited in the Kansas Court of Appeals opinion, or deny that the Court can consider them on a motion to dismiss.

99CV16062 filed November 19, 1999, Exhibit 1 to Memorandum In Support Of Defendant Bank One's Motion To Dismiss (Doc. #11) filed July 29, 2005. On June 6, 2000, the district court granted summary judgment in favor of L-M Funding. Plaintiff appealed,[3] and on December 7, 2001, the Kansas Court of Appeals issued an opinion which affirmed in part, reversed in part and remanded the case to the district court. The court analyzed (1) whether plaintiff was bound by Wiley's attempt, as his attorney, to cancel the contract; (2) whether plaintiff breached the seller financing addendum by not obtaining financing; (3) whether plaintiff breached the contract by not closing on October 29, 1999; (4) whether the district court had erred in granting summary judgment on the KCPA claims; and (5) whether the district court had erred in granting defendants' motion to dismiss its counterclaim for wrongful cloud on title. As to plaintiff's first claim, the appellate court found that "the district court erred in finding the uncontroverted facts showed Gilreath had cancelled the contract." It further explained as follows:

> There was no uncontroverted evidence that Gilreath, as principal, knowingly permitted Wiley to exercise the authority to cancel the contract or held Wiley out to be in possession of such authority. The uncontroverted facts show that Gilreath did not know of the contents of the letter until after L-M Funding received the letter. There is no evidence that Gilreath informed L-M Funding that Wiley was his agent and, as such, was authorized to act on his behalf. Applying this law to the uncontroverted facts, the district court erred in finding Gilreath was bound by the Wiley letter which purported to cancel the contract.
>
> It is also uncontroverted that L-M Funding received the following letter . . . . The Butaud letter never purports to cancel the real estate contract; rather, the letter contemplates the contract has already been cancelled and demands the return of the earnest money.

Memorandum Opinion dated December 7, 2001 in Gilreath v. L-M Funding, No. 86,054, at 6. The Kansas Court of Appeals also found that (1) plaintiff did not breach the seller financing addendum; (2) the

---

[3] Plaintiff's complaint does not allege the issues presented to the Court of Appeals.

district court erred in granting defendants' motion for summary judgment on the breach of contract claim because plaintiff's failure to close did not constitute a breach of contract; (3) the motion for summary judgment did not set forth any uncontroverted facts on the KCPA claims and the district court therefore erred in granting summary judgment; and (4) dismissal of defendant's counterclaim was not in error as plaintiff could not be prejudiced by dismissal of a claim against him.  Memorandum Opinion dated December 7, 2001 in Gilreath v. L-M Funding, No. 86,054.

Nearly a year later, on December 2, 2002, plaintiff filed a third amended petition in the District Court of Johnson County, Kansas.  The third amended petition added Bernadine Landis, Jimmy Hamilton, Margee Hamilton, Evelyn Hamilton, Bank One and Sebring Capital Corporation as defendants, and demanded both specific performance and damages.  It did not specifically set forth any claims against Bank One or Sebring Capital Corporation, although plaintiff named both entities as defendants in the caption of the case.  Plaintiff added Bernadine Landis to his breach of contract and KCPA claims.  Plaintiff sought reasonable rent from the Hamiltons.

The state court pretrial conference order dated June 30, 2003 set a deadline for plaintiff to elect a remedy between damages and specific performance.  Plaintiff's attorney, Kelly Connors, elected the damages remedy.  On August 15, 2003, the district court granted summary judgment in favor of the Hamiltons and Bank One.  On October 6, 2003, the district court held a bench trial at which plaintiff did not present evidence.  The district court thereafter ruled in favor of L-M Funding, Dave Landis, Bernadine Landis, Roxanne Mitchell and David Mitchell.[4]

---

[4] The record does not reflect the disposition of the state court case as to Sebring Capital Corporation.

*Federal Court Proceedings*

On July 5, 2005, plaintiff filed this suit, asserting the following claims:

Plaintiff Claim 1
That Defendants Jimmy Hamilton, Margee Hamilton, Evelyn Hamilton and Bank One have yet to show that plaintiff pleading in his third amended petition required plaintiff to elect a remedy, thus for the state courts to order plaintiff to elect was error.

Plaintiff Claim 11
Plaintiff was denied his due process of finality of a Judgment or decision of a competence court thus deprived plaintiff of his U.S.C.A. 14; especially since the state appeal court in Gilreath 1 had made a final decision in regards to the two attorney having authority to write letters to cancel the contract.

Plaintiff Claim 111
Plaintiff paid #4,000,00 dollars earnest money after signing the contract with Dave Landis, of L-M Funding, however the contract fail but plaintiff have not receive [sic] his earnest money back which is inconstant with what the contract state. Plaintiff contends that this is another mean by the state courts of impairing the obliga- of a contract, which violate provisions of the federal constitution.

Complaint (Doc. #1) filed July 5, 2005 (errors of grammar, syntax and punctuation in original). Plaintiff seeks specific performance of the contract, "reconstruction of the case in that plaintiff may have a fair trial," and actual and punitive damages.

To file his complaint in this Court, plaintiff filled in the blanks on a pre-printed form. In the "Jurisdiction" section of the form, plaintiff asserted diversity jurisdiction. Plaintiff stated that he is a citizen of Kansas. As to defendants, plaintiff listed three individuals on the first line (Dave Landis, Roxanne Mitchell and David Mitchell) and seven more defendants on the line next to "Additional Defendants." Plaintiff completed the following sentences:

   The first-named defendant above is either
   a.   a citizen of the State of __Kansas__ ; or
   b.   a corporation incorporated under the laws of the State of __Kansas__ and having

-5-

>     its principal place of business in a State other than the State of which plaintiff is a citizen.
>
> The second-named defendant above is either
> a. a citizen of the State of _____; or
> b. a corporation incorporated under the laws of the State of __Delaware__ and having its principal place of business in a State other than the State of which plaintiff is a citizen.[5]

Complaint (Doc. #1) at 2. The form directed plaintiff to provide the information for each additional defendant on a separate page and attach it to the complaint. The record does not contain such attachment. Plaintiff also asserted jurisdiction on "other grounds" as follows: "Plaintiff was denied his due process of finality of a Judgment or decision of a competence [sic] court, thus deprived him of his U.S.C.A. 14; and federal constitution rights against legislation impairing the obligation of a contract." Id. at 3. On July 22, 2005, L-M Funding, Roxanne Mitchell and David Mitchell (collectively referred to as "L-M Funding") filed an answer.[6] On July 28, 2005, Wiley filed an answer.

Defendants filed four separate motions to dismiss. L-M Funding argues that (1) plaintiff's claims are barred by res judicata because the state court resolved his claims; (2) diversity jurisdiction does not exist; (3) plaintiff does not cite any statute which gives this Court subject matter jurisdiction; and (4) plaintiff fails to state a claim on which relief may be granted. See Motion To Dismiss On Behalf Of Defendants,

---

[5] Underlined words appear to have been typewritten by plaintiff.

[6] The answer states that Dave Landis is deceased. See Answer And Motion To Dismiss On Behalf Of Defendants, L-M Funding, LLC, Dave Mitchell And Roxanne Mitchell (Doc. #2) filed July 22, 2005, at 1.B. It does not indicate when he died or assert whether the death extinguishes plaintiff's claims against him. No party has filed a Suggestion Of Death Upon The Record pursuant to Rule 25, Fed. R. Civ. P. The Court construes defendants' answer as such. Rule 25 provides that an action shall be dismissed as to a deceased party unless a motion for substitution of parties is made no later than 90 days after the death is suggested upon the record. No timely motion for substitution was filed, and plaintiff's claims against Dave Landis are therefore dismissed.

L-M Funding, LLC, Dave Mitchell And Roxanne Mitchell (Doc. #2).  Wiley set forth arguments for dismissal as follows:[7]

> 3. The plaintiff asserted no case of action against the defendant Clifford A. Wiley in the state court action.
> 4. The plaintiff asserts no cause of action against the defendant Clifford A. Wiley in this petition upon which relief can be granted.
> 5. The court has no jurisdiction over the subject matter.
> 6. The plaintiff is barred by the doctrine of res judicata and or collateral estoppel.
> 7. The plaintiff claim is barred by the statute of limitations

Answer And Motion To Dismiss On Behalf Of Defendant Clifford Wiley (Doc. #8) filed July 28, 2005, at 2.  Butaud argues that (1) the Court lacks subject matter jurisdiction because diversity jurisdiction does not exist and plaintiff has not cited a statute or alleged facts which give rise to a federal question, and (2) plaintiff fails to state a claim upon which relief can be granted against her.  See Defendant Butaud's Motion To Dismiss (Doc. #9).  Specifically, Butaud argues that plaintiff does not make any allegations regarding her conduct either during the representation of plaintiff or during the litigation process.

Bank One contends that the Court lacks subject matter jurisdiction and that plaintiff's claims are barred by res judicata and the statute of limitations.  Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction, Or In The Alternative By Reason Of Expiration Of The Statute Of Limitations And Res Judicata (Doc. #10).  Specifically, Bank One argues that this Court lacks subject matter jurisdiction because diversity of citizenship does not exist and plaintiff does not assert a federal question.  Bank One further asserts that because plaintiff's claims seek review of a state court judgment

---

[7] L-M Funding and Wiley did not file a brief or memorandum in support of their motion, as required by D. Kan. Rule 7.1(a).  The Court cannot ascertain from Wiley's motion the basis for his assertion that the Court lacks subject matter jurisdiction.

and are "inextricably intertwined" with that judgment, the Rooker-Feldman doctrine precludes this Court from asserting jurisdiction. See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

On October 5, 2005, after defendants filed answers and motions to dismiss, plaintiff filed a motion to amend his complaint to add defendants and claims. On November 30, 2005, Magistrate Judge James P. O'Hara issued a Report and Recommendation (Doc. #32) which recommended that this Court deny plaintiff's motion for leave to amend. Plaintiff objected to the magistrate's recommendation.

## Analysis

### I. Motion To Amend Complaint / Report And Recommendation

The standard for district court review of a magistrate judge's report and recommendation is contained in 28 U.S.C. § 636, which provides as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). As stated in Section 636(b)(1)(C), the Court must make a de novo determination regarding the portions of the report and recommendation to which objections have been filed. Id.

Fed. R. Civ. P. 15(a) provides that a party may amend once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of court or written consent of the adverse party, and leave shall be freely given when justice so requires. Although Rule 15(a) requires that leave to amend "be freely given when justice so requires," whether leave should be granted

is within the trial court's discretion. See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). In this regard, the Court considers undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party or futility of amendment. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff seeks to add Mark Corder, Jean Ann Uvodich, Brad Farney, Merle Parks, Frank Jenkins and Kelly Connor, and to assert claims against those defendants under 42 U.S.C. §§ 1981, 1985(2) and (3) and 1986.[8] In Count I of the proposed amended complaint, plaintiff alleges that Corder, Farney, Jenkins, Wiley, Uvodich, Parks and Connor acted jointly with the state district court judge to violate his constitutional right to "due process of the Fourteen Amendments" in violation of 42 U.S.C. § 1983. Plaintiff contends that parties concealed and distorted the conclusion of the Kansas Court of Appeals and that defendants and the judge knew or should have known that the appellate court had decided whether Wiley and Butaud were authorized to cancel plaintiff's real estate contract. In Count II, plaintiff, who is Black, alleges violation of 42 U.S.C. § 1985 (2) and (3) in that all named defendants, most of whom are Caucasian, conspired with a state judge to (1) deprive him of "racial equality redress to bring action before the court;" (2) deprive him of the equal privileges such as contracting to buy a house; (3) intimidate him through requiring him to spend excessive amounts of money so as not to seek redress in court; (4) conceal that the Kansas Court of Appeals had made a decision regarding Wiley and Butaud's authority to cancel plaintiff's contract; and (5) deny plaintiff equal protection, privileges and due process by denying him final judgment. Exhibit 1 to Motion For Amended Petition (Doc. #22) filed October 5, 2005. In Count III,

---

[8] Plaintiff's proposed amended complaint does not assert any claims against Sebring Capital Corp., Clifford Wiley and Joann Butaud.

-9-

plaintiff alleges that Corder, Farney, Jenkins, Wiley, Uvodich, Parks and Connor violated 42 U.S.C. § 1981 by depriving him of "his right to make and enforce contracts, to sue be [sic] parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of person and property as is enjoyed by white citizens." Id. at 22-23.  In Count III, plaintiff alleges that Corder, Farney, Jenkins, Wiley, Uvodich, Parks and Connor knew about the conspiracy and as licensed attorneys, could have prevented it but instead participated in it in violation of 42 U.S.C. § 1986.  Plaintiff then prays for an order to (1) grant him a hearing or judgment against defendants for actual, consequential and punitive damages; (2) grant specific performance; (3) award reasonable rental from the Hamiltons; and (4) award the costs of the action.

Plaintiff cannot amend as a matter of right because defendants have filed answers.  See Fed. R. Civ. P. 12.  Judge O'Hara's report and recommendation concludes that the proposed amendments are futile because plaintiff has not stated any claim on which relief can be granted against these individuals and plaintiff does not state that his allegation of race discrimination is based on evidence which was not available when he filed his original complaint.  Judge O'Hara found that even liberally construing plaintiff's proposed amended complaint, it did not contain allegations which suggest that state district court proceedings resulted from a conspiracy to violate defendant's due process right.  Plaintiff's proposed complaint alleges that because the district court tried the issues which the Kansas Court of Appeals had already decided, the proposed defendants conspired with the state court judge to deny him rights.  Judge O'Hara disagreed with plaintiff's interpretation of the Kansas Court of Appeals opinion, and concluded that the proposed complaint did not contain allegations which suggested a conspiracy.  Furthermore, Judge O'Hara noted that plaintiff alleged no factual support for his racial discrimination claims.  Therefore,

because plaintiff's proposed amended complaint did not state a claim upon which relief can be granted, Judge O'Hara concluded that amendment would be futile.

Plaintiff objects to the report and recommendation on several grounds. First, plaintiff argues that Judge O'Hara erred in concluding that his complaint did not include dates and places of events. Plaintiff's argument misconstrues Judge O'Hara's report and recommendation. Judge O'Hara cited Betts v. Allied Cementing Co., Inc., Civ. A. No. 89-2236-S, 1989 WL 118509, at *1 (D. Kan. Sept. 19, 1989), for the proposition that a complaint must plainly and concisely state the claims asserted, rather than consist of an ambiguous, rambling narrative or charges, and that it must give dates and places of alleged events. Nowhere in the report did Judge O'Hara conclude that plaintiff failed to properly allege dates and places.

Second, plaintiff asserts that Judge O'Hara erred in his interpretation of the decision made by the Kansas Court of Appeals. Plaintiff's objection, however, is simply a re-argument of his case. Plaintiff believes that the Court of Appeals (1) did not instruct the court to hold a trial, and (2) made dispositive findings of facts and conclusions of law regarding the cancellation of his contract. Plaintiff's misinterpretation of the appellate decision apparently leads him to conclude that the trial and additional state proceedings were the result of a conspiracy. Judge O'Hara pointed out that "[t]he court simply found that there were issues of fact that could not be decided on summary judgment, i.e., on appeal it was held that a trial was necessary to resolve those factual issues. Significantly, the Court of Appeals did not decide those issues of fact." This Court concurs with Judge O'Hara's conclusion. Plaintiff obviously misunderstands the decision of the Kansas Court of Appeals. Because plaintiff's allegations of conspiracy result from this misunderstanding, his proposed complaint does not state a claim upon which relief can be granted and amendment would be futile.

The Court finds that Magistrate O'Hara properly concluded that plaintiff's amendments are futile. For these reasons and the reasons stated in Judge O'Hara's report and recommendation, the Court approves and adopts the report and recommendation. The Court denies plaintiff's motion to amend his complaint.

**II.   Motions To Dismiss**

    **A.   Subject Matter Jurisdiction**

All defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claims. Specifically, defendants argue that diversity jurisdiction does not exist and that plaintiff has not alleged a federal question or asserted a statute under which the Court can exercise jurisdiction.

The standards which apply to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) are well settled.  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. Ltd. P'ship – 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)); Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff sustains the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Mere conclusory allegations of jurisdiction are not enough. United States v.

Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Defendants' motions fall within the former category because the Court need not consider evidence outside the complaint.

Federal courts have original jurisdiction over civil actions "between . . . citizens of different States" when the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Federal courts also have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff creates federal question jurisdiction by means of a well-pleaded complaint which establishes either that federal law creates the cause of action or that plaintiff's right to relief depends on resolution of a substantial question of federal law. Sac & Fox Nation of Okla. v. Cuomo, 193 F.3d 1162, 1165-66 (10th Cir. 1999) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

To establish diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must allege that the parties are citizens of different states and that the plaintiff is entitled to recover more than $75,000. See 28 U.S.C. § 1332. Here, plaintiff's complaint alleges diversity jurisdiction but alleges only the citizenship of the first named defendant – Landis – and apparently of L-M Funding, both of which are citizens of Kansas. The complaint also states that plaintiff is a citizen of Kansas. See Complaint (Doc. #1) at 2. Plaintiff has not alleged citizenship of other defendants, and Bank One argues that based on plaintiff's allegations in his state court petition, L-M Funding, Landis and Roxanne Mitchell are all citizens of Kansas. Butaud argues that nine of the 11 defendants are citizens of Kansas.

-13-

Plaintiff bears the burden of proving that jurisdiction exists. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff has not made a prima facie case of jurisdiction based on diversity of citizenship. Because the complaint does not allege citizenship of most defendants, the Court cannot ascertain whether plaintiff could cure this deficiency by dismissing non-diverse plaintiffs. The Court therefore concludes that it lacks subject matter jurisdiction based on diversity of citizenship.

Plaintiff's complaint alleges "other grounds" for jurisdiction as follows: "Plaintiff was denied his due process of finality of a Judgment or decision of a competence [sic] court, thus deprived him of his U.S.C.A. 14; and federal constitution rights against legislation impairing the obligation of a contract." Id. at 3. Plaintiff's complaint cites no other federal statute. Butaud and Bank One next argue that plaintiff does not assert a federal question because he does not allege any statute or factual basis for a claim which arises under the Constitution, laws or treaties of the United States. Butaud and Bank One also assert that plaintiff is attempting to relitigate the rulings from state court, and Bank One contends that this Court lacks jurisdiction under the Rooker-Feldman doctrine. See Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 482.

The Court cannot clearly discern the federal grounds for plaintiff's complaint but liberally construes it as asserting claims under the Fifth and/or Fourteenth Amendments. After careful review of the claims, the Court concludes that plaintiff's complaint alleges that the state district court (1) erred in forcing him to elect a remedy; (2) denied him due process by not following findings of fact and law by the Kansas Court of Appeals; and (3) violated the Constitution by permitting L-M Funding to retain his earnest money.

Bank One argues that the Court lacks subject matter jurisdiction because plaintiff's claims seek review of the state court decision in the contract case in Johnson County, Kansas. The Court agrees. The

Rooker-Feldman doctrine prevents a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. See Rooker, 263 U.S. at 416; Feldman, 460 U.S. at 482; see also Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). The Rooker-Feldman doctrine is a jurisdictional prohibition which applies to two categories of claims: (1) those actually decided by a state court, see Rooker, 263 U.S. at 415, and (2) those "inextricably intertwined" with a state court judgment, see Feldman, 460 U.S. at 482 n.16. Here, plaintiff asserts that state court rulings violated his constitutional rights in the state court case. Rooker-Feldman bars such claims, and this Court lacks jurisdiction to review plaintiff's claims. Rooker, 263 U.S. at 415; see also Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1239 (10th Cir. 2003) (court may not exercise federal-question jurisdiction over plaintiffs' state-created causes of action). Accordingly, the Court sustains the motion to dismiss by Bank One.

L-M Funding, Roxanne Mitchell, David Mitchell, Wiley and Butuad did not specifically raise an argument under the Rooker-Feldman doctrine. Furthermore, Margee Hamilton, Jimmy Hamilton, Evelyn Hamilton and Sebring Capital Corp. have not filed an answer or other motion in this case. It appears, however, that for the reasons stated above, the Rooker-Feldman doctrine would deprive the Court of jurisdiction over plaintiff's claims against all defendants. Accordingly, **on or before March 16, 2006**, plaintiff shall show cause in writing why the Court should not dismiss his claims against L-M Funding, Roxanne Mitchell, David Mitchell, Clifford Wiley and Joann Butuad, Margee Hamilton, Jimmy Hamilton, Evelyn Hamilton and Sebring Capital Corp. for lack of subject matter jurisdiction. On or before **March 21, 2006**, defendants may file a response. Because the parties have already had a chance to brief these

issues, these deadlines will not be extended.

**IT IS THEREFORE ORDERED** that the Court **adopts** Judge O'Hara's Report And Recommendation (Doc. #32) filed November 30, 2005.  Plaintiff's Motion For Amended Petition (Doc. #22) filed October 5, 2005 is hereby **OVERRULED**.

**IT IS FURTHER ORDERED** that Bank One's Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1) For Lack Of Subject Matter Jurisdiction, Or In The Alternative By Reason Of Expiration Of The Statute Of Limitations And Res Judicata (Doc. #10) filed July 29, 2005 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that  on or before **March 16, 2006**, plaintiff show cause in writing why the Court should not dismiss his claims against L-M Funding, Roxanne Mitchell, David Mitchell, Clifford Wiley, Joann Butuad, Margee Hamilton, Jimmy Hamilton, Evelyn Hamilton and Sebring Capital Corp. for lack of subject matter jurisdiction.  On or before **March 21, 2006**, defendants may file a response.

**IT IS FURTHER ORDERED** that plaintiff's claims against Dave Landis are **DISMISSED**.

Dated this 9th day of March, 2006 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge