## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **ROYCE GILREATH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2282-KHV** |
| **L-M FUNDING, LLC, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Royce Gilreath brought suit *pro se* against L-M Funding, LLC, Dave Landis, Roxanne Mitchell, David Mitchell, Margee Hamilton, Jimmy Hamilton, Evelyn Hamilton, Bank One, Sebring Capital Corp., Clifford Wiley and Joann Butaud, alleging breach of contract and denial of due process of finality of a judgment. This matter comes before the Court on Plaintiff's Motion The [sic] Court Under Rule 60 (Doc. #48) filed April 5, 2006, which the Court construes as a motion to reconsider. For reasons set forth below, the Court overrules plaintiff's motion.

## Legal Standards

The filing of a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. This Court is therefore divested of jurisdiction to grant plaintiff's motion, but it may consider the motion and either deny it on the merits or notify the Tenth Circuit of the Court's intention to grant the motion upon proper remand. Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1991).

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b), Fed. R.

Civ. P. See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990). Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).

**Factual Background**

On October 24, 1999, plaintiff contracted with L-M Funding through Dave Landis to purchase real estate in Johnson County, Kansas.[1] On October 27, 1999, a property inspection revealed problems. On October 30, 1999, the sellers contracted with other buyers. On November 18, 1999, plaintiff filed a petition and notice of *Lis Pendens* in Johnson County, Kansas, alleging that L-M Funding, Landis and Roxanne Mitchell had breached the contract and violated the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq*. See Petition, Gilreath v. L-M Funding, LLC, Case No. 99CV16062 filed November 19, 1999, Exhibit 1 to Memorandum In Support Of Defendant Bank One's Motion To Dismiss (Doc. #11) filed July 29, 2005. On June 6, 2000, the state district court granted summary judgment in favor of L-M Funding. Plaintiff appealed, and on December 7, 2001, the Kansas Court of Appeals issued an opinion which affirmed in part, reversed in part and remanded the case to district court. See Memorandum Opinion dated December 7, 2001 in Gilreath v. L-M Funding,

---

[1] A more detailed explanation of the factual background is set forth in the Court's Memorandum And Opinion (Doc. #42) filed March 9, 2006.

No. 86,054, at 6.

Nearly a year later, on December 2, 2002, plaintiff filed a third amended petition in the state court. The third amended petition added defendants and demanded both specific performance and damages. In a pretrial order dated June 30, 2003, the state district court set a deadline for plaintiff to elect a remedy between damages and specific performance. Plaintiff's attorney, Kelly Connors, elected the damages remedy. On August 15, 2003, the district court granted summary judgment in favor of three defendants, the Hamiltons and Bank One. On October 6, 2003, the district court held a bench trial. Plaintiff did not present evidence, and the district court thereafter ruled in favor of the remaining defendants (L-M Funding, Dave Landis, Bernadine Landis, Roxanne Mitchell and David Mitchell).

On July 5, 2005, plaintiff filed this suit, asserting the following claims:

Plaintiff Claim 1
That Defendants Jimmy Hamilton, Margee Hamilton, Evelyn Hamilton and Bank One have yet to show that plaintiff pleading in his third amended petition required plaintiff to elect a remedy, thus for the state courts to order plaintiff to elect was error.

Plaintiff Claim 11
Plaintiff was denied his due process of finality of a Judgment or decision of a competence court thus deprived plaintiff of his U.S.C.A. 14; especially since the state appeal court in Gilreath 1 had made a final decision in regards to the two attorney having authority to write letters to cancel the contract.

Plaintiff Claim 111
Plaintiff paid #4,000,00 dollars earnest money after signing the contract with Dave Landis, of L-M Funding, however the contract fail but plaintiff have not receive [sic] his earnest money back which is inconstant with what the contract state. Plaintiff contends that this is another mean by the state courts of impairing the obliga- of a contract, which violate provisions of the federal constitution.

Complaint (Doc. #1) filed July 5, 2005 (errors of grammar, syntax and punctuation in original). Plaintiff seeks specific performance of the contract, "reconstruction of the case in that plaintiff may have a fair trial,"

and actual and punitive damages. In July of 2005, defendants separately filed motions to dismiss. On October 5, 2005, plaintiff sought leave to file an amended complaint.

On March 9, 2006, the Court overruled plaintiff's motion to amend, sustained defendant Bank One's motion to dismiss and ordered plaintiff to show cause why the Court should not dismiss claims against other defendants. See Memorandum And Order (Doc. #42). On March 21, 2006, after carefully reviewing plaintiff's response to the order to show cause, the Court dismissed all remaining claims based on lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983). On April 4, 2006, plaintiff filed a notice of appeal to the Tenth Circuit. Doc. #46. The next day, plaintiff filed a motion to reconsider under Fed. R. Civ. P. 60.

### Analysis

Plaintiff argues that (1) his amended complaint stated a valid claim against each defendant; and (2) in dismissing plaintiff's claims, the Court "ignored injustice had by the State District Court with the defendants named in plaintiff['s] amended complaint." Plaintiff summarizes his motion as follows:

> The plaintiff believe[s] the Appeal Court in Gilreath 2 failed to follow the law decided by the Appeal Court 1 and made new law after the additional named defendants and State Judge had circumvented the proceeding of the Kansas Appeals Court in Gilreath 1, thus by this Court ignored the proceeding had by the Appeals Court in Gilreath 1 as to the facts that Courts made conclusive determanation [sic] in regard to the cancellation of the contract is a miscarriage in justice.

Plaintiff's Motion (Doc. #48) at 6. Bank One argues that plaintiff does not address the Court's finding that it lacked jurisdiction. In response, plaintiff contends that the Rooker-Feldman doctrine is inapplicable to this case and that the Court should instead review the proceedings of the Kansas Court of Appeals. This

-4-

argument further supports the Court's position that it lacks jurisdiction because plaintiff is attempting to appeal a state-court judgment. See Bolden v. City of Topeka, Kan., 441 F.3d 1129 1142-43 (10th Cir. 2006) (Rooker-Feldman doctrine applies when losing party in state court proceedings seeks review and rejection of those judgments in federal district court). Other than his own conclusory arguments, plaintiff does not provide the Court any explanation or legal support for a finding that Rooker-Feldman does not apply. Instead, plaintiff re-asserts the arguments presented in response to the motions to dismiss and in his motion for leave to amend his complaint. Plaintiff has not shown grounds which justify relief from the Court's orders of March 9 and 21, 2006.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion The [sic] Court Under Rule 60 (Doc. #48) filed April 5, 2006 is hereby **OVERRULED**.

Dated this 15th day of May, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge